IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Perrin and Debbie Babb, Wayne and Sarah Elstrom, Alan and Kathy Jackson, on behalf of themselves and others similarly situated, | ) ) ) ) ) | C/A No.: 3:10-cv-1724-JFA |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **ORDER** |
| Lee County Landfill SC, LLC; Republic Services of South Carolina, LLC; and Republic Services, Inc., | ) ) ) ) | |
| Defendants. | ) ) | |

**I.     Factual and Procedural History**

This proposed class action was originally filed in the Lee County Court of Common Pleas on June 4, 2010 against the defendants for claims arising out of their operation of the Lee County Landfill. The causes of action alleged in the complaint include nuisance, trespass, negligence, gross negligence, recklessness, and other intentional acts. The defendants removed the action to this Court on July 1, 2010 pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453. (ECF No.1).

This matter is now before the Court on the plaintiffs' motion to remand the entire case to South Carolina state court filed on July 23, 2010. (ECF No. 10). On October 28, 2010, the Court granted the parties' request to complete removal discovery over a period of 45 days. (ECF No. 21). The parties participated in such discovery and submitted supplemental

briefs. After reviewing all of the briefs and considering the arguments on this motion, the Court denies the plaintiffs' motion to remand.

## II.     Legal Standard

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 42 S.Ct. 35 (1921)). The Court should strictly construe removal jurisdiction because of the implications of federalism. Id. (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868 (1941)). "If federal jurisdiction is doubtful, a remand [to state court] is necessary." Id.

## III.    Analysis

The complaint alleges several state law causes of action, and the defendants relied primarily on diversity jurisdiction in removing this case to federal court.[1] The elements required for traditional diversity jurisdiction under 28 U.S.C. § 1332(a) include an amount in controversy more than $75,000 and complete diversity of citizenship between the parties.

The specific amount in controversy in this case was not provided in the complaint. However, the complaint alleges that the damages are ongoing, the plaintiffs seek an injunction that could require the landfill to close, and at least one of the named plaintiffs is alleging punitive damages that exceed one million dollars. Therefore, the Court is satisfied

---

[1] The defendants cited federal question jurisdiction as one of their grounds for removal because they claim the complaint alleges violations of federal regulations and statutes and implicates interstate activity. However, the plaintiffs argue that their complaint does not raise a federal question sufficient to invoke federal jurisdiction. The Court does not address this basis for remand because neither party focused on federal question jurisdiction as a basis for their arguments.

2

that more than $75,000 is in controversy in this case.

The named plaintiffs are all citizens of South Carolina, and they argue that the citizenship of two of the defendants, Lee County Landfill SC, LLC ("LCL") and Republic Services of South Carolina, LLC ("RSSC"), includes South Carolina and prohibits complete diversity.[2] To determine citizenship for limited liability companies, the Court must look at the citizenship of its members. Gen. Tech. Apps., Inc. v. Exro Ltda, 388 F.3d 114, 121 (4th Cir. 2004). RSSC has only one member, Republic Services, Inc. ("RSI"), which was incorporated in Delaware and has its principal place of business in Arizona. Therefore, RSSC is a citizen of Delaware and Arizona. LCL has two members, Allied Waste North America, Inc. and Allied Waste Landfill Holdings, Inc. Both of these companies were incorporated in Delaware and have their principal place of business in Arizona, so LCL is also a citizen of Delaware and Arizona. None of the defendants are citizens of South Carolina, and all of the named plaintiffs are completely diverse from all of the defendants.

**IV.    Conclusion**

The Court denies the plaintiffs' motion to remand because the citizenship of the parties meets the requirements of 28 U.S.C. § 1332(a) for diversity jurisdiction in this Court. Because the Court finds that federal jurisdiction exists in this case under traditional diversity, it does not find it necessary to analyze the arguments presented by the parties on the Class Action Fairness Act.

---

[2]All parties agree that defendant Republic Services, Inc. was incorporated in Delaware and has its principal place of business in Arizona.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

March 30, 2011                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge