IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Perrin Babb, Debbie Babb, Wayne Elstron, Sarah Elstrom, Alan Jackson, and Kathy Jackson, | C/A No.: 3:10-cv-01724-JFA |
| Plaintiffs, | **ORDER** |
| vs. | |
| Lee County Landfill SC, LLC; Republic Services of South Carolina, LLC; Republic Services, Inc., | JUDGE JOSEPH F. ANDERSON, JR. |
| Defendants. | |

This matter comes before the court on Defendants' Motion for Partial Summary Judgment. (ECF No. 95). Defendants seek the dismissal of (1) Defendant Republic Services of South Carolina LLC ("South Carolina LLC"), (2) Defendant Republic Services, Inc. ("Republic Services"), and (3) the punitive damages claims against all defendants. The plaintiffs oppose the motion. After reviewing the parties' briefs and considering the parties' arguments made before this court at a hearing on February 1, 2012, this court hereby grants, in part, and denies, in part, the defendants' motion.

## I.     Factual and Procedural History

Plaintiffs live close to Lee County Landfill ("the landfill"), which is owned by Lee County Landfill SC LLC ("Lee County LLC"). Plaintiffs initially brought this action in South Carolina state court alleging that they have been harmed by noxious odors that have traveled from the landfill to their property. In their Complaint, Plaintiffs assert the

1

following causes of action: nuisance, trespass, negligence/gross negligence and recklessness, and intentional acts. Plaintiffs are seeking compensatory damages as well as an injunction and a restraining order. Defendants removed the action to this court.

On December 13, 2011, the defendants filed the instant Motion for Partial Summary Judgment seeking the dismissal of (1) Defendant South Carolina LLC, (2) Defendant Republic Services, and (3) the punitive damages claims against all defendants. The plaintiffs filed a Response in Opposition on January 6, 2012, and Defendants replied on January 13, 2012. Defendants filed a supplemental brief on January 27, 2012, and plaintiffs responded to defendants' supplemental brief on January 30, 2012. This court held a hearing on February 1, 2012, in which the parties argued their positions. During the hearing, plaintiffs submitted to the court a new theory of why Defendants South Carolina LLC and Republic Services are liable in this case. The court allowed Defendants to respond to this new theory in a supplemental brief, and Defendants filed their brief on February 6, 2012. On that same day, Plaintiffs filed a response to this second supplemental brief.

## II.    Legal Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). Summary

judgment should be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Trustees of Mayland Community College*, 955 F.2d 924, 928 (4th Cir. 1992). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## III.   Analysis

### A.   Dismissal of Defendants South Carolina LLC and Republic Services

Defendants argue that both South Carolina LLC and Republic Services should be dismissed as defendants from this lawsuit. Republic Services is a distant parent of Lee County LLC. South Carolina LLC is a distant affiliate of Lee County LLC, but neither has an ownership interest in the other. While Republic Services and South Carolina LLC provide support and assistance to Lee County LLC, each is a wholly distinct legal entity from Lee County LLC. The following excerpt from Defendants' brief describes the relationship between the three defendants:

> Republic Services is the distant parent company of Lee County LLC. Lee County LLC has two members, Allied Waste Landfill Holdings, Inc. ("Allied Holdings") and Allied Waste North America, Inc. ("Allied NA"). Allied Holdings is a subsidiary of Allied NA. Allied Holdings and Allied NA are subsidiaries of Allied Waste Industries, Inc. ("Allied Industries") which is, in turn, a subsidiary of Republic Services. Republic Services is the only member of South Carolina LLC.

(ECF No. 95-1, p. 3 (citations omitted)).

Lee County LLC is a limited liability company organized under the laws of Delaware. Therefore, although Lee County LLC owns and operates a landfill in South

Carolina, it is a foreign limited liability company. According to South Carolina law, "the laws of the State or other jurisdiction under which a foreign limited liability company is organized govern its organization and internal affairs and the liability of its managers, members, and their transferees." S.C. Code Ann. § 22-44-1001(a). Thus, Delaware law dictates whether Republic Services and South Carolina LLC can be found liable for the actions of Lee County LLC. Under the Delaware Limited Liability Company Act (the "Act"), the "debts, obligations and liabilities of a limited liability company, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the limited liability company." Del. Code Ann. tit. 6, § 18-303(a). According to Defendants, "[t]he Act does not provide a veil-piercing exception to this unambiguous rule of liability limitation, and the courts of Delaware have not allowed veil-piercing of an LLC." (ECF No. 95-1). Defendants further argue that if Delaware were to adopt an exception to the statutory protection of members and managers of LLCs, it would probably borrow from the corporate context, which permits for veil piercing "only upon a showing of fraud or something like it." *Mobil Oil Corp. v. Linear Films, Inc.*, 718 F. Supp. 260, 268 (D. Del. 1989). As such, Defendants contend that any liabilities of Lee County LLC cannot be imposed on Republic Services or South Carolina LLC.

Plaintiffs offer three separate theories as to why Defendants Republic Services and South Carolina LLC should be liable in this case—veil piercing, amalgamation of interests, and direct liability. Each of these theories requires some level of control and meshing of interests between the separate business entities. Plaintiffs submit that South Carolina LLC and Republic Services (collectively referred to as "the Republic Entities")

4

significantly control and manage the important operations and functions of the landfill, such that the Republic Entities should be liable for any damages created by the landfill.

Plaintiffs have offered little argument that veil piercing is appropriate and admitted during the hearing that veil piercing is not their primary theory of liability. This court is persuaded by Defendants' contention that Delaware law is controlling and that Delaware law does not allow for veil piercing in this context. As such, this court finds that neither South Carolina LLC nor Republic Services can be found liable for the actions of Lee County LLC through veil piercing.

As to amalgamation of interests, the plaintiffs first presented that argument during the hearing on this motion. At that time, the plaintiffs provided the court with South Carolina cases discussing the amalgamation of interests theory. *See Pope v. Heritage Cmtys., Inc.*, 717 S.E.2d 765 (Ct. App. 2011); *Mid-South Mgmt. Co. v. Sherwood Dev. Corp.*, 649 S.E.2d 135 (Ct. App. 2007); *Kincaid v. Landing Dev. Corp.*, 344 S.E.2d 869 (Ct. App. 1986). After reviewing these cases, this court finds that the distinctions by Lee County LLC, South Carolina LLC, and Republic Services are not blurred such that they are in effect one and the same as required under South Carolina law to find liability under the theory of amalgamation of interests. *See Kincaid v. Landing Dev. Corp.*, 344 S.E.2d 869, 874. Therefore, this court finds that neither South Carolina LLC nor Republic Services can be found liable for the actions of Lee County LLC under an amalgamation of interests theory.

Plaintiffs' primary argument for the liability of the Republic Entities is based on the direct liability and direct control of the landfill by South Carolina, LLC and Republic

5

Services. In their responses to Defendants' Motion for Summary Judgment and to Defendants' Second Supplemental Brief, Plaintiffs spend a number of pages citing evidence in an effort to show that the Republic Entities exert such control over the landfill. For example, management and operation decisions are made by the Republic Entities, and since 2008, there has been one consolidated federal tax return for all Republic Entities under Republic Services, Inc. Although Plaintiffs cite a significant amount of evidence in support of their argument that the Republic Entities control the landfill, Plaintiffs fail to make sufficient legal arguments as to why the theory of direct liability should be applied in this case. As legal support for their position that South Carolina LLC and Republic Services should be found liable for the acts of the landfill, the plaintiffs rely heavily on *United States v. Bestfoods*, 524 U.S. 51 (1998), a Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") case in which the Supreme Court of the United States considered whether a parent corporation could be held liable for its subsidiary's violations. In that case, the Supreme Court discussed operator liability under CERCLA and found that "a corporate parent that actively participated in, and exercised control over, the operations of the facility itself may be held directly liable in its own right as an operator of the facility." *Bestfoods*, 524 U.S. at 55. Although the Supreme Court finds direction from corporate law norms in *Bestfoods*, their holding appears to be limited to operator liability under CERCLA. Plaintiffs have not convinced this court to extend the *Bestfoods* holding to the facts of this non-CERCLA case.

There does not seem to be a question of whether Lee County LLC is an appropriate entity to bring suit against for harm caused by the Lee County Landfill. The defendants have admitted that Lee County LLC both owns and operates the landfill. The Plaintiffs allege that the Republic Entities should also be liable for harm caused by the landfill because they directly control the landfill's operations. However, plaintiffs have failed to show that such direct liability exists in South Carolina for non-owning entities who, nevertheless, directly control a property. Plaintiffs assert that "[w]hether the two Republic corporate entities sufficiently directly controlled the landfill's operations is a question for the jury." That may be; however, the plaintiffs have yet to show that direct control over the landfill (which the Republic Entities do not own) subjects the Republic Entities to liability under South Carolina law. Thus, this court cannot find South Carolina LLC and Republic Services liable under a direct control theory. This court is constrained to dismiss Defendants South Carolina LLC and Republic Services from this case.

B.     **Punitive Damages**

As to the plaintiffs' claims for punitive damages in this suit, Defendants argue that there is not clear and convincing evidence that the conduct of the Defendants was willful, wanton, or a reckless disregard of the plaintiffs' rights. As evidence that they did not act in such a manner, Defendants point out that since January 1, 2006, DHEC has inspected the landfill over 220 times, and none of those inspections has resulted in a notice of violation for odors. Additionally, Defendants cite the $7,270,000 that they have spent on enhancements and upgrades to address odors at the landfill. Defendants also cite the plaintiffs' depositions in which they confirmed their beliefs that Defendants are not

intentionally harming the plaintiffs. Defendants submit that although the plaintiffs may be damaged by their landfill, punitive damages are not necessarily appropriate in this case.

In their Supplemental Brief in Support of Their Motion for Partial Summary Judgment, Defendants cite excerpts from their deposition of the plaintiffs' expert, Dr. Timothy Townsend. In the excerpts, Townsend states that some measures taken by the landfill were reasonable, and he admits that he did not smell odors on Plaintiffs' properties. Based on these and other observations by Townsend of the landfill, the defendants submit that punitive damages are not appropriate in this case.

On the other hand, Plaintiffs believe that their evidence shows that punitive damages are appropriate in this case. Most of the evidence cited by Plaintiffs in their briefs relates to the neglect of odor control systems and the failure to remedy the problem generally, but the plaintiffs also cite the acceptance by the landfill of certain waste as evidence warranting punitive damages. Plaintiffs spend a good bit of their brief relating this evidence, which mostly consists of information from DHEC consent orders and from landfill employees' depositions. Plaintiffs note that they "are not required to prove that Defendants intentionally harmed Plaintiffs, but only that the landfill was or should have been aware that it was not exercising due care in its operation to control odors." (ECF No. 102, p. 23). Furthermore, the plaintiffs cite South Carolina case law that the issue of punitive damages must be submitted to the jury if more than one reasonable inference can be drawn from the evidence as to whether the Defendant's behavior was reckless, willful,

or wanton. *Mishoe v. Qhg of Lack City, Inc.*, 621 S.E.2d 363 (2005) (citing *Welch v. Epstein*, 536 S.E.2d 408, 419 (S.C. Ct. App. 2000)).

Both sides have submitted evidence in support of their position on whether or not punitive damages are appropriate in this case. At this point in the case, this court cannot say as a matter of law that punitive damages are not appropriate. The evidence presents a sufficient disagreement to require submission to a jury. As such, this court finds that summary judgment is not appropriate as to punitive damages.

### IV.    Conclusion

Based on the foregoing, this court hereby grants the defendants' Motion for Partial Summary Judgment as to Defendants Republic Services of South Carolina LLC and Republic Services, Inc. and denies the defendants' Motion for Partial Summary Judgment as to the issue of punitive damages. Accordingly, Defendants Republic Services of South Carolina LLC and Republic Services, Inc. are dismissed from this case.

IT IS SO ORDERED.

*[Signature: Joseph F. Anderson, Jr.]*

February 9, 2012                                      Joseph F. Anderson, Jr.
Columbia, South Carolina                        United States District Judge