IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Perrin Babb; Debbie Babb; Wayne Elstrom; Sarah Elstrom; Alan Jackson; and Kathy Jackson,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>Lee County Landfill SC, LLC,<br><br>　　　　　　　Defendant.<br>_____ | C/A: 3:10-1724- JFA<br><br><br>ORDER<br>FOR CERTIFICATION |

TO:   THE HONORABLE CHIEF JUSTICE AND ASSOCIATE JUSTICES OF THE SOUTH CAROLINA SUPREME COURT

This court has determined that the above-captioned case involves questions of law of the State of South Carolina which are most probably determinative of the causes of action, and there appears to be no controlling precedent in the decisions of the Supreme Court of the State of South Carolina. Accordingly, pursuant to South Carolina Appellate Court Rule 228, the United States District Court hereby certifies the questions of law addressed below to the Supreme Court for instructions based on the following facts.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, six residents who live near the Lee County Landfill in Bishopville, South Carolina, initiated this action seeking actual and punitive damages against the landfill for odors allegedly emanating from the landfill and causing substantial interference with the plaintiffs' use and enjoyment of their homes. Because the Lee County Landfill is a limited

1

liability company with its state of formation and principal place of business outside of South Carolina, this court has diversity jurisdiction over this action which involves pure questions of state law.

Following a jury trial, the jury awarded the plaintiffs actual or compensatory damages totaling $532,500 on their negligence, trespass, and nuisance claims.[1] After the jury awarded compensatory damages, the court conducted another proceeding before the same jury on the claim for punitive damages. The jury awarded each plaintiff $300,000 in punitive damages.

Defendants promptly filed motions for judgment as a matter of law and, alternatively, for a new trial attacking both the actual and punitive awards. The court currently has all these post-verdict motions under advisement. This certification order relates only to the award of actual damages.

In a series of pleadings before trial and during argument at trial, plaintiffs abandoned all claims for loss of use, diminution in property value and personal injury, leaving as their sole remaining damages claim that of annoyance, discomfort, inconvenience, interference with their enjoyment of their property, loss of enjoyment of life, and interference with mental tranquility, resulting from alleged landfill odors.[2]

---

[1] The individual awards in favor of the named plaintiffs are as follows: $77,500 for Perrin Babb; $100,000 for Debbie Babb; $77,500 for Wayne Elstom; $77,500 for Sarah Elstrom; $100,000 for Alan Jackson; and $100,000 for Kathy Jackson.

[2] The testimony at trial from the two sides presented sharply contrasting versions of the severity of the odors emanating from the landfill. Plaintiffs and their witnesses testified that the odors were nauseating and almost constant, preventing them from virtually any outdoor activity such as gardening, outdoor grilling, and the like. Defendant's witnesses testified that, although there had been a period of odors for about six months in 2008–2009, the problems associated with these odors have been corrected and that, aside from an
(continued...)

Significant for purposes of this certification is the defendant's position that, under South Carolina law, damages for temporary trespass and nuisance are limited, or capped, by the lost rental value of the plaintiffs' property. In this case, plaintiffs offered no evidence as to the lost rental value of the property, although the defendant did offer such evidence in its case-in-chief. The defendant's evidence showed that, at best, the lost rental value of the plaintiffs' properties totaled $158,630. The defendant also argues that in any trespass or nuisance action, whether it be a temporary nuisance or permanent nuisance, the full market value of the plaintiff's property is the maximum damages a plaintiff could recover when the plaintiff does not seek restoration or cleanup costs related to the property.

The defendant contends that the plaintiffs' trespass claim should fail because South Carolina does not recognize a cause of action for "invisible trespass" when the alleged invasion is solely from invisible odors. The defendant also contends that the evidence showed that operation of a municipal solid waste landfill and associated landfill gas well collection and management systems is a complex process such that the standard of care and any alleged breach thereof must be established through expert testimony for purposes of the plaintiffs' negligence claim (if an independent negligence claim exists).

In response to the defendant's arguments, plaintiffs contend that South Carolina law recognizes an "invisible trespass" and does not limit actual damages for trespass or nuisance to the lost rental value of the property or full market value of the property, especially when,

---

[2](...continued)
occasional whiff of odor depending upon weather conditions and the like, no odors migrate from the landfill property to the plaintiffs' property.

as here, plaintiffs have disavowed any claim for loss of use, property value diminution or personal injury and are only pursing claims for damages for annoyance, discomfort, inconvenience, loss of enjoyment of life, loss of enjoyment of property, interference with mental tranquility, and interference with the right to mental comfort. As a fallback position, plaintiffs argue that, even if damages for trespass and nuisance are so limited, damages for the negligence claims are not subject to any such lost rental value limitation.

With regard to the "stand alone" claim for negligence, Dean William Prosser, in his leading treatise on tort law, indicates that in claims such as those presented in this case, there is in fact no "stand alone" claim for negligence, suggesting that the conduct that underlies nuisance or trespass claims is either intentional conduct or negligent conduct. WILLIAM L. PROSSER, LAW OF TORTS § 87 (4th ed. 1971). If this is correct and is applied literally, the independent claim for negligence asserted in this case must fail.

The court has invited briefing from both sides on this issue of state law and the court has determined that the answer under existing South Carolina precedent is not clear. Accordingly, the United States District Court hereby certifies the following questions of law to the South Carolina Supreme Court:

QUESTIONS OF LAW TO BE ANSWERED

1. Under South Carolina law, when a plaintiff seeks recovery for a temporary trespass or nuisance (asserting claims for annoyance, discomfort, inconvenience, interference with their enjoyment of their property, loss of enjoyment of life, and interference with mental tranquility and abandoning all claims for loss of use, diminution of value, and personal injury), are the damages limited to the lost rental value of the property?

2. Does South Carolina law recognize a cause of action for trespass solely from invisible odors rather than a physical invasion such as dust or water?

3. Is the maximum amount of compensatory damages a plaintiff can receive in any trespass or nuisance action (temporary or permanent) the full market value of the plaintiffs' property where no claim for restoration or cleanup costs has been alleged?

4. When a plaintiff contends that offensive odors have migrated from a neighbor's property onto the plaintiff's property, may the plaintiff maintain an independent cause of action for negligence or is the plaintiff limited to remedies under trespass and nuisance?

5. If an independent cause of action for negligence exists under South Carolina law when a plaintiff contends that offensive odors have migrated from a neighbor's property onto the plaintiff's property, does the standard of care for a landfill operator and breach thereof need to be established through expert testimony?

IT IS SO ORDERED.

August 13, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge