IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Perrin Babb, Debbie Babb, Wayne Elstrom, Sarah Elstrom, Alan Jackson, and Kathy Jackson, | C/A No. 3:10-cv-01724-JFA |
| Plaintiffs, | |
| vs. | **ORDER** |
| Lee County Landfill SC, LLC, | |
| Defendant. | |

This matter comes before the court on a motion for summary judgment filed by Lee County Landfill SC, LLC ("Defendant").  ECF No. 335.  Specifically, Defendant seeks dismissal of the complaint arguing that the claim for injunctive relief is preempted by the Clean Air Act ("CAA"), 42 U.S.C. § 7401, *et seq.*  Perrin Babb, Debbie Babb, Wayne Elstrom, Sarah Elstrom, Alan Jackson, and Kathy Jackson (collectively, "Plaintiffs") oppose the motion.  ECF No. 349. The court heard oral arguments on February 7, 2014.

I.

Plaintiffs are six individuals living near a landfill operated by Defendant in Bishopville, South Carolina.  In June 2010, Plaintiff filed this action in state court, asserting against Defendant and two other entities[1] state common law claims of nuisance, trespass, negligence, recklessness, as well as intentional acts.  Contending that noxious odors from the landfill interfered with, among other things, the use and enjoyment of their property, Plaintiffs sought compensatory damages, an injunction, and a restraining order.  Defendant removed the action to

---

[1]  The complaint at the outset also included Republic Services of South Carolina, LLC, and Republic Services, Inc., as defendants.

this court on diversity grounds.  *See* 28 U.S.C. § 1332(a).  After removal, Defendant answered on July 7, 2010, asserting twenty-seven defenses, among those that Plaintiffs' "complaint is barred to the extent it is preempted by existing statutes, regulations, permits and authorizations."  ECF No. 6, p. 8.

On December 5, 2011, Defendant filed a motion for partial summary judgment seeking dismissal of the other two entities, as well as of the punitive damages claims.  ECF No. 95.  After hearing oral arguments, the court took the motion under advisement and, then, granted it as to the two other entities and denied it as to the punitive damages.  *See* ECF No. 120.

Starting in March of 2012, the parties filed several motions in limine.  Among those was Defendant's motion to divide the jury trial into three phases:  A liability phase on compensatory damages, a liability phase on punitive damages, and a phase on the amount of punitive damages, if any.  ECF No. 156.  At a pre-trial hearing on March 15, 2012, the court considered all motions in limine.  ECF No. 167; *see also* ECF No. 233.  During the proceedings, the court discussed its practice to divide the jury trial into two phases, hearing evidence on compensatory damages first and on punitive damages second, ECF No. 233, p. 2–3; thus, the court granted Defendant's motion as modified.  At the same hearing, the court and the parties acknowledged that the plan was to try the legal and equitable claims concurrently, but that the request for injunctive relief would be heard outside the presence of the jury during trial.  *Id.* at 20.

The trial began on March 19, 2012.  On the fourth day of trial, at the end of Plaintiffs' case-in-chief, Defendant moved for judgment as a matter of law under Rule 50(a) of the Federal Rules of Civil Procedure.  ECF Nos. 172, 237.  In its motion, Defendant renewed its objection to the punitive damages claim and also sought dismissal of the trespass, nuisance, and negligence claims on evidentiary grounds.  ECF No. 237, pp. 798–99, 805–10.  Furthermore, Defendant

argued that it was the appropriate time for the court to grant Defendant's motion as a matter of law as to Plaintiffs' request for injunctive relief. *Id.* at 799–803. Defendant contended that Plaintiffs had failed to establish all the elements for an injunction under South Carolina law. *Id.* at 799–800. The court denied the motion, noting that it had not heard all evidence on the injunctive relief yet. *Id.* at 810, 822–23.

On March 28, 2012, toward the end of the second week of trial, Defendant sought permission from the court to call certain witnesses who would testify outside the presence of the jury on the public interest element of the state law injunction claim. ECF Nos. 184, 240, p. 1372–73. In response, the court held that it would hear those witnesses while the jury was deliberating so as not to slow down the jury portion of the trial. ECF No. 240, p. 1372. At the end of that same day, Defendant proposed an alternative, suggesting that the court take up any remaining evidence on the injunction claim after the jury returned a verdict and for the court to allow some additional briefing.[2] *Id.* at 1480–81. The court agreed to let the injunction phase continue after the jury trial concluded. *Id.* However, rather than allowing additional briefs, the court held that it would direct the parties to submit proposed findings and conclusions for the non-jury portion of the trial. *Id.*

Defendant rested the next day, on March 29, 2012. While the jury deliberated, the court suggested April 18, 2012, as the date on which to resume the trial as to the injunctive claim. ECF No. 241, p. 1733. On March 30, 2012, the jury concluded its deliberations, finding for

---

[2]    "On the injunction issue, what we would suggest . . . is that when we get the case to the jury, if we need to call any other witnesses back, we can do that. But we would also suggest that the Plaintiffs submit their brief to you five days after we get a verdict and that we respond five days thereafter to deal with the injunction issue. Obviously, we've been hard at work here for two weeks." Trial Tr., vol. 7, 1480:8–1480:14, March 28, 2012, ECF No. 240.

Plaintiffs on the negligence, trespass, and nuisance claims, and awarding them compensatory damages totaling $532,500 and punitive damages totaling $1.8 million.

Before the trial resumed, Defendant filed a motion seeking to have the court resolve any post-trial motions on the legal claims before resuming the trial on Plaintiffs' injunction claim. ECF No. 224.  In light of a Fourth Circuit Court of Appeals opinion published on the last day of the jury portion of the trial, the court granted the motion.  *See U.S. ex rel. Drakeford v. Tuomey Healthcare Sys., Inc.*, 675 F.3d 394 (4th Cir. 2012) (holding that a court deprived a defendant of its right to a jury trial when it granted judgment to the plaintiff on the equitable claims after granting a new trial on the jury question).

Subsequently, Defendant filed a renewed motion for judgment as a matter of law, and, alternatively, for a new trial, pursuant to Rules 50(b) and 59(e) of the Federal Rules of Civil Procedure.  ECF No. 231.  In the motion, Defendant argued that the court should set aside the punitive damages award for lack of evidence of reckless conduct and for being excessive.  *Id.* Additionally, Defendant contended that the court should set aside the award of compensatory damages on the negligence, trespass, and nuisance claims.  *Id.*  Specifically, Defendant argued that Plaintiffs had not proved all elements of negligence; that South Carolina law did not recognize "invisible" trespass; and that Plaintiff had not proved damages and unreasonableness as to the nuisance claim.  *Id.*  Plaintiffs responded in opposition.  ECF No. 243.  On June 6, 2012, the court heard oral arguments on the post-trial motion, taking it under advisement.  At the hearing, the court also suggested that the parties consider mediation.  Two days later, the court appointed a mediator.  ECF No. 250.  The following week, the court directed the parties to file additional briefs on the issue of nuisance damages.  ECF No.  252; *see also* ECF Nos. 260–61.

On August 13, 2012, to resolve the issues raised in the post-trial motion, the court certified five questions to the South Carolina Supreme Court.  ECF No. 278.  During this period, the parties were attempting to mediate, eventually replacing the court-appointed mediator with a mediator selected by the parties.  On motion by Defendant and over the objections of Plaintiffs, the court stayed the case on November 15, 2012, pending answers from the state Supreme Court on the specific state law issues.  ECF Nos. 282–83, 285, 288.

The following year, on August 15, 2013, the state Supreme Court answered the certified questions.  *Babb v. Lee Cnty. Landfill, SC, LLC*, 747 S.E.2d 468 (S.C. 2013).  This court conducted a telephone conference with the parties the next day.  ECF Nos. 297, 299.  During the conference, the court directed the parties to file supplemental briefs on the post-trial motion in light of the state Supreme Court's opinion.

In a letter to the parties dated August 23, 2013, the court scheduled a hearing on the post-trial motion for September 24, 2013, and asked that the parties also be prepared to discuss whether any additional evidence needed to be considered on the injunction claim.

At the hearing, Defendant argued that Plaintiffs no longer had a viable claim for injunctive relief because the state law nuisance claim failed as a matter of law.  ECF Nos. 308, 315, pp. 5–7.  Defendant reasoned that the nuisance claim failed as a matter of law because, in the course of litigation, Plaintiffs had abandoned the exact type of claim for damages that the state Supreme Court had identified as the sole measure of damages for nuisance.  *Id.*  Defendant also submitted that, since the judgment on the legal claims, the odors had changed significantly as a result of a series of affirmative actions taken by Defendant at the landfill.[3]  ECF Nos. 308,

---

[3]   At the hearing, Defendant informed the court that the landfill was taking steps every day:  "We believe we have this under control, but we're continuing to install gas wells, and we will be until the landfill closes. . . . We have replaced all the wellheads on all of our wells to better evaluate the well system.

315, pp. 10–12.  Plaintiffs disputed Defendant's reading of the state Supreme Court opinion and contended further that a continuous nuisance merited the injunction claim.  *See* ECF No. 315, pp 12–14, 15–16, 21–23.  At the conclusion of the hearing, the court announced that it would reduce the compensatory damages to $155,895 and the punitive damages to $467,685 in light of the state Supreme Court's opinion, and that a written order explaining the court's ruling would be issued shortly thereafter.

However, before the court issued the order on the motion, the parties informed the court in a telephone conference on October 10, 2013, that they had come to a resolution on the damages portions of the post-trial motion.  ECF No. 317.  During the conference call, which lasted less than five minutes, the parties informed the court that they had agreed on damages, but would leave pending the injunction claim.  Toward the end of the call, Defendant also informed the court that it had what it called a preliminary legal question on which it would like to file a brief before going forward with the injunction phase.[4]  When pressed by the court, Defendant explained that it would like to file a brief on whether the CAA preempted Plaintiffs' injunction claim.  The court granted Defendant's request to file a brief and did not address the issue further.

On November 1, 2013, this court issued an order on the settlement.  ECF No. 323.  Because of the asserted changes at the landfill and Defendant's affirmative steps to address the odor, the court also entered a scheduling order that allowed for additional discovery until January 20, 2014, and for an opportunity to file dispositive motions by February 4, 2014, in the event of

---

We just bought and are installing a brand-new misting system that sprays mist over 200 feet in the air, brand-new technology. . . . [E]very time new technology comes out, we evaluate whether it works.  This is a continuing operation, [and] we need to take these continuous steps.  These are the type of things that we want to show [the court] during the injunction."  Hr'g Tr., 11:21–12:8, September 24, 2013, ECF No. 315.

[4]  Speaking on behalf of Defendant was William G. Beck, who had been admitted *pro hac vice* as associate counsel the week before, on October 1, 2013.  ECF No. 327.

6

new evidence.  *See* ECF No. 324.  The trial was to resume on March 5, 2014.  *Id.*  Although the order on the settlement had acknowledged Defendant's request to brief the court on preemption, no separate briefing schedule was entered at that time.

Before the end of the supplemental discovery, Plaintiffs notified the court that their expert witness no longer was available for scheduling reasons, and they moved to amend the new scheduling order to allow them more time to retain a new expert witness.  ECF No. 326.  The court denied the motion, noting that the parties had had ample time to prepare for the injunction phase of the trial.  ECF No. 329.  By December 2, 2013, Plaintiffs had retained a new expert. ECF No. 330.

On December 20, 2013, Defendant filed the motion for summary judgment currently before this court.  ECF No. 335.  In the motion, Defendant asserts that the CAA preempts Plaintiffs' state common law claim for an injunction.  *Id.*  Plaintiffs have responded in opposition, arguing waiver and, alternatively, no preemption.  ECF No. 349.  On February 7, 2014, the court heard oral arguments.  ECF No. 361.

## II.

Rule 56(a) of the Federal Rules of Civil Procedure provides that a court should grant summary judgment when a moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The court must decide if the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).  A court should grant summary judgment in those cases where it is perfectly clear that there remains no genuine dispute as to any material fact and inquiry into the facts is unnecessary to clarify the application of the law.  *McKinney v. Bd. of Trs. of Mayland*

*Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

III.

In its motion, Defendant argues that the state common law claim for injunctive relief fails as a matter of law because it is preempted by the CAA. ECF No. 335. In support, Defendant asserts that: (1) Decisions by the Supreme Court and the Fourth Circuit lead to the conclusion that the CAA preempts injunction claims based on the nuisance at issue in this case; (2) an injunction raises public policy concerns because it would supplant the federal-state regulatory framework and would promote uncertainty; and (3) preemption does not leave Plaintiffs without remedies, as they have received compensatory and punitive damages and the CAA provides them an avenue for redress. *Id.* In opposition, Plaintiffs contend that: (1) Defendant has waived any preemption claims; and (2) in the event the court reaches the issue, the CAA does not preempt an injunction request based on a state common law claim of private nuisance. ECF No. 349.

Because Plaintiffs' first argument presents a threshold matter, the court considers the issue of waiver first.

A.

Federal preemption is an affirmative defense. *See, e.g., Pinney v. Nokia, Inc.*, 402 F.3d 430, 449 (4th Cir. 2005). As such, the defense is subject to waiver. *See* Fed. R. Civ. P. 8; 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1278 (3d ed. 2013). In some circumstances, however, the Supreme Court has recognized that federal preemption is a non-waivable defense. *See Int'l Longshoremen's Ass'n v. Davis*, 476 U.S. 380 (1986). If the federal preemption defense implicates a choice of forum—jurisdiction—rather than a choice of

law, the Supreme Court has held that it is a non-waivable defense that may be raised at any time. *See id.* at 390–91. However, if a claim of federal preemption involves a choice of law, rather than a choice of forum, it can be waived. *See id.* In *Davis*, the Court evaluated a preemption defense brought in state court under the National Labor Relations Act, 29 U.S.C. § 151 *et seq.* *Id.* at 381–82. The Court determined that the defense implicated a choice of forum rather than a choice of law because "Congress intended for the [National Labor Relations] Board generally to exercise exclusive jurisdiction in this area." *Id.* at 391. The Court made clear, however, that its "decision today does not apply to pre-emption claims generally but only to those pre-emption claims that go to the State's actual adjudicatory or regulatory power as opposed to the State's substantive laws." *Id.* at 391 n.9.

This court is not aware of any precedent from the Fourth Circuit on the issue of waiver of a preemption defense under the CAA, but at least one other district court in the circuit has applied the *Davis* rule on waiver under similar circumstances. *See Bridgetree, Inc. v. Red F Mktg. LLC*, 3:10-CV-00228-FDW, 2013 WL 443698 (W.D.N.C. Feb. 5, 2013) (finding that the defendants' failure to timely and adequately assert copyright law preemption over a state law claim, in federal court on independent grounds, constituted a waiver of the defense); *see also Saks v. Franklin Covey Co.*, 316 F.3d 337 (2d Cir. 2003) (holding that a federal preemption defense against an ERISA benefits-due claim implicated only a choice of law and was waivable); *Sweeney v. Westvaco Co.*, 926 F.2d 29 (1st Cir. 1991) (holding that an employer forfeited its right to raise preemption under the Labor Management Relations Act because the defense implicated a choice of law); *Hanson v. Prudential Ins. Co. of Am.*, 892 F.2d 1046 (9th Cir. 1990) (holding that a federal preemption defense against an ERISA benefits-due claim was waived because it affected choice of law, not choice of forum); *Dueringer v. General Am. Life Ins. Co.*,

842 F.2d 127 (5th Cir. 1988) (same); *Rehab. Rehabilitation Inst. of Pittsburgh v. Equitable Life Assurance Soc'y of the United States*, 131 F.R.D. 99 (W.D. Pa. 1990) (same), *aff'd without op.*, 937 F.2d 598 (3d Cir. 1991).

Here, the case involves neither a state court asserting jurisdiction over a matter within the exclusive jurisdiction of a federal agency as in *Davis*; nor does it involve a federal court enforcing a state law that interferes with the exclusive jurisdiction of a federal agency or another federal forum. Rather, this case involves a federal court that already has jurisdiction over the matter on diversity grounds. Even if Plaintiffs were to sue Defendant under the CAA, the citizen-suit provision of the CAA provides that a district court "shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce such an emission standard or limitation, or such an order, or to order the Administrator to perform such act or duty, as the case may be, and to apply any appropriate civil penalties. . . ." 42 U.S.C. § 7604(a). Thus, a successful preemption defense under the CAA would not force Plaintiffs to bring this action in a different forum and would not divest this court of jurisdiction. As a result, Defendant's preemption claim implicates a choice of law, not a choice of forum, and this court finds that the preemption claim is waivable.

B.

Because Defendant's federal preemption claim is subject to waiver, the court next turns to the question of when the defense must be raised to be timely. Rule 8(c) of the Federal Rules of Civil Procedure provides that "a party must affirmatively state any avoidance or affirmative defense" in response to a pleading. Fed. R. Civ. P. 8(c).

Absent unfair surprise and prejudice to a plaintiff, however, a defendant may raise an affirmative defense for the first time in a dispositive pre-trial motion. *See, e.g., Grunley Walsh*

*U.S., LLC v. Raap*, 386 F. App'x 455, 459 (4th Cir. 2010) (collecting cases); *see also S. Wallace Edwards & Sons, Inc. v. Cincinnati Ins. Co.*, 353 F.3d 367 (4th Cir. 2003) (holding that insurer waived affirmative defense by failing to raise the issue until the summary judgment stage and noting that the delayed assertion of the defense prejudiced the opposing party). "This is because [t]he Supreme Court has held that the purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it." *Grunley Walsh*, 386 F. App'x at 459 (internal citations and quotation marks omitted). "Thus, if a plaintiff receives notice of an affirmative defense by some means other than pleadings, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice." *Id.*

C.

Plaintiffs argue in their response to Defendant's motion for summary judgment that the preemption defense was waived during the course of litigation and that Defendant should be precluded from asserting it now. *See* ECF No. 349.

Plaintiffs submit that the case "has been through the rigors of extensive discovery, a full blown jury trial, and the subsequent procedures. . . ." *Id.* at 5. "Only after all of these proceedings and the expiration of the previous scheduling order has Defendant decided to forcefully raise the issue of preemption under the CAA. . . ." *Id.* (citing *Ga. Pac. Consumer Prods., LP v. Von Drehle Corp.*, 710 F.3d 527 (4th Cir. 2013) (finding that a defendant waived preclusion defenses by not raising them until 16 months after they were known to defendant)). Likening Defendant's delay in raising its preemption claim to the principle of laches, Plaintiffs submit that Defendant's "lack of diligence in forcefully raising this defense is plain" and that the "cost in time and resources is tremendous. . . ." *Id.* at 5–6. The court agrees.

11

Here, the case presents an unusual procedural history.  Although Defendant technically pleaded a preemption defense in its answer on July 7, 2010, it consisted of a single, cursory sentence in a listing of twenty-seven affirmative defenses[5] and then years passed until it was raised again.  In fact, Defendant did not mention the possibility of preemption again until the end of a short telephone conference on October 10, 2013, and did not provide specific grounds for the defense until a second motion for summary judgment filed on December 20, 2013, almost three and half years after the answer was filed.

The Supreme Court has emphasized "the value of waiver and forfeiture rules, which ensure that parties can determine when an issue is out of the case, and that litigation remains, to the extent possible, an orderly progression."  *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 487 n.6 (2008).  "The reason for the rules is not that litigation is a game, like golf, with arbitrary rules to test the skill of the players."  *Id.* (internal citations and quotation marks omitted). "Rather, litigation is a winnowing process, and the procedures for preserving or waiving issues are part of the machinery by which courts narrow what remains to be decided."  *Id*; *see also Sales v. Grant*, 224 F.3d 293 (4th Cir. 2000) (having "no trouble" deeming affirmative defense waived because the "mention of qualified immunity" in the defendants' answers consisted of one sentence on the matter in a list of several affirmative defenses: "'The individual defendants are protected by qualified immunity from suit'" and because defendants failed to pursue affirmative defense in motions and at trial.).

In the time between Defendant's answer and the motion currently before this court, Defendant conducted more than nine months of discovery before trial, filed and argued a motion for summary judgment, participated in a two-week trial, filed and argued a post-trial motion, and

---

[5]   The answer stated, "The plaintiffs' complaint is barred to the extent it is preempted by existing statutes, regulations, permits and authorizations."  ECF No. 6, p. 8.

filed supplemental briefs on the causes of action asserted in the complaint—without once making a federal preemption argument. If Defendant believed that, on preemption grounds, this court lacked the authority to decide Plaintiffs' state law injunction claim, then Defendant had several opportunities to say so. In contrast, Defendant's conduct in the course of litigation conveyed the opposite. Defendant repeatedly represented to the court that Plaintiffs' injunction claim, and all other claims for that matter, was premised on state law alone and involved no federal claims.[6]

Additionally, unlike what is suggested in Defendant's reply to Plaintiffs' opposition to the motion for summary judgment, the injunction claim and the legal claims were both squarely before this court throughout the two-week trial. At the hearing on pre-trial motions four days before trial, counsel for Defendant acknowledged: "What I understood when we were in chambers was that you were going to hear the evidence concurrently." Hr'g Tr., 20:25–21:2, March 15, 2012, ECF No. 233. In its motion for judgment as a matter of law after Plaintiffs' case-in-chief during trial, Defendant insisted: "[W]e believe that it's appropriate right now for you to decide the issue of the injunction and direct a verdict on that. You're listening to the same evidence come in. . . ." Trial Tr., vol. 4, 800:21–800:24, March 23, 2012, ECF No. 237.

Furthermore, at the hearing on Defendant's post-trial motion, Defendant relied on the litigation winnowing process recognized by the Supreme Court. Defendant argued that

---

[6] During trial, when the court asked whether the authority of the court to enjoin the nuisance implicated any federal statutes, both Plaintiffs and Defendant said no:

> Court: "[T]here's no federal statutes . . . just dealing with state common law?"
> Plaintiffs: "Yes, sir. It would be based on state common law of nuisance."
> Defendant: "Yes, Your Honor."

Trial Tr., vol. 2, 318:3–318:17, March 20, 2012, ECF No. 235.

When moving for judgment as a matter of law on the injunction claim at the end of Plaintiffs' case-in-chief during trial, Defendant submitted, "Now, as you know, in South Carolina you'll be looking at the South Carolina law on this point because these are state law actions and the most important one here is [irreparable] harm." Trial Tr., vol. 4, 799:14–799:17, March 23, 2012, ECF No. 237.

Plaintiffs' injunctive claim failed because the state law nuisance claim failed as a matter of law. ECF Nos. 308, 315, pp. 5–7. Defendant submitted that, in the course of litigation, Plaintiffs had abandoned the type of damages claim that the state Supreme Court had identified as the only measure of damages for nuisance. ECF Nos. 308, 315, pp. 5–6. To illustrate the point, Defendant stated: "[W]e all chose claims and defenses that we wanted to pursue and claims and defenses that we wanted to abandon during the course of trial and we cannot come back now and redo the damages." Hr'g Tr., 6:19–6:22, September 24, 2013, ECF No. 315.

This court finds that one of underlying reasons for the doctrine of waiver by litigation conduct is to avoid giving a party a second bite at the apple. Here, the court finds that allowing Defendant's preemption argument to go forward would do just that. Furthermore, the court finds that permitting Defendant's preemption argument now would cause Plaintiffs unfair prejudice and surprise. While the court does not charge Defendant with the full length of the litigation, considering the case was stayed for nine months pending answers from the state Supreme Court, the record makes clear that Defendant waived, or relinquished, the preemption defense during this litigation.[7]

IV.

For the foregoing reasons, this court hereby denies Defendant's motion for summary judgment. Ordinarily, a decision denying a motion for summary judgment is not otherwise

---

[7] Plaintiffs argued in the alternative that Defendant waived the defense by failing to plead it properly in its answer. ECF No. 349, p. 6. They suggest that the language in the answer "was insufficient to properly assert the affirmative defense of preemption under the CAA." *Id.* at 6. Plaintiffs argue that the pleading standards established in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), apply equally to affirmative defenses. *Id.* (citing *Racick v. Dominion Law Assocs.*, 270 F.R.D. 228, 233 (E.D.N.C. 2010) (holding the plausibility standard articulated in Iqbal and Twombly applies to affirmative defenses)). Because this court finds that Defendant has waived its preemption argument in the course of litigation, it does not reach the issue of pleading standards for affirmative defenses.

appealable. The unique procedural aspects of this case, however, have caused this court to conclude that a certification for interlocutory appeal under 28 U.S.C. § 1292(b) is appropriate. It provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate determination of the litigation, he shall so state in writing in such order. . . .

28 U.S.C. § 1292(b).

Therefore, the court hereby certifies this case for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Defendant is respectfully requested to petition the Fourth Circuit Court of Appeals to review this matter on an interlocutory basis.


IT IS SO ORDERED.


March 25, 2014                                 Joseph F. Anderson, Jr.
Columbia, South Carolina                       United States District Judge